UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE ROSADO,

    Plaintiff,

v.                                                               Case No. 6:16-cv-1345-Orl37TBS

UP DEVELOPMENT COMPANY, LLC;
UP FIELDGATE US INVESTMENTS-
FASHION SQUARE, LLC; and FSM
MAINTENANCE, LLC,

    Defendants.
_____

# ORDER

Plaintiff initiated this action against Defendants alleging that they failed to pay him overtime wages in violation of the Fair Labor Standards Act ("**FLSA**"). (Doc. 1.) Thereafter, the parties jointly moved for approval of their settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States ex rel. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). (Doc. 45 ("**Motion**"); *see also* Doc. 45-1 ("**Agreement**").)

On referral, U.S. Magistrate Judge Thomas B. Smith recommends that the Court either: (1) grant the Motion and approve the Agreement provided that the parties agree to certain modifications of the Agreement ("**Modifications**"); or (2) deny the Motion and reject the Agreement if the parties "stand on [their] current version." (Doc. 46 ("**R&R**").)

In his R&R, Magistrate Judge Smith sets forth the following Modifications: (1) revise the release provision to state, "Plaintiff hereby releases and discharges

Defendants of and from any and all liability for the wage claims made in this litigation"; and (2) remove the two provisions that contain "a unilateral prohibition against speech related to a wide variety of '[R]eleased [P]arties."[1] (Doc. 46, pp. 6–8 (referring to the Agreement's Provisions 3, 5, and 15).)

Apart from the Modifications, Magistrate Judge Smith finds that the Agreement is fair and reasonable because: (1) the $3,000 ("**Settlement Amount**") to be paid is the full amount of Plaintiff's FLSA claim and includes an equal amount of liquidated damages; and (2) the parties have represented that the award of attorney fees and costs was negotiated independently of the Settlement Amount. (*Id.* at 3–4.)

On August 31, 2017, the Parties filed a joint notice of acceptance of the Modifications. (Doc. 47.) Hence, in the absence of objections, the Court has reviewed the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no clear error, the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 46) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. The parties' Joint Motion to Approve Settlement Agreement and for Dismissal With Prejudice (Doc. 45) is **GRANTED**.

---

[1] Unless defined otherwise, all capitalized terms in this Order have the same meaning as defined in the Agreement. (*See* Doc. 45-1.)

3. The parties' FLSA Settlement Agreement (Doc. 45-1), as modified by the R&R and agreed to by the parties, is **APPROVED**.

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 18, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record